1 | **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. CR 18-549-TUC-CKJ (LAB) |
| vs. | ) |
| | ) **ORDER** |
| Rey Moreno-Vasquez, | ) |
| Defendant. | ) |

On November 25, 2019, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") (Doc. 115) in which she recommended that the Motion to Suppress (Doc. 58) filed by Rey Moreno-Vasquez ("Moreno-Vasquez") be granted. The government has filed Objections (Doc. 123) and Moreno-Vasquez has filed a response (Doc. 130).

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 288 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.").

*Report and Recommendation – Factual Background*

The factual and procedural history set forth in the R&R is adopted.

*Stored Communications Act*

The government asserts the magistrate judge applied the wrong standard in arriving at her conclusion that specific and articulable facts were not presented to support the government's conclusion that Moreno-Vasquez was a liquid methamphetamine trafficker. The government argues:

> The plain language of the statute required reasonable grounds that the data sought was relevant and material to an ongoing criminal investigation, not that reasonable grounds existed for the investigation itself. Thus, pre-Carpenter, law enforcement needed only to show that the cell-site evidence is pertinent to an ongoing investigation, which is a "gigantic" departure from the probable cause standard required for a warrant. *See Carpenter*, 138 S. Ct. at 2221.

Objections (Doc. 123, p. 4). Moreno-Vasquez argues, however, that the magistrate judge correctly determined the government's conclusory statements did not provide specific or articulable facts; therefore, the statutory-based good-faith exception does not apply.

The Supreme Court has determined that "an order issued under Section 2703(d) of the [Stored Communications] Act is not a permissible mechanism for accessing historical cell-site records," so law enforcement must "get a warrant" to compel "a wireless carrier to turn" them over. *Carpenter v. United States*, ––– U.S. ––––, 138 S.Ct. 2206, 2221, 201 L.Ed.2d 507 (2018). However, the good faith exception may apply to requests for historical cell tower data made to third parties under the SCA. *United States v. Dorsey*, 781 F. App'x 590, 592 (9th Cir. 2019), *citing Illinois v. Krull*, 480 U.S. 340 (1987). The government bears the burden of showing that the good-faith exception applies. *United States v. Artis*, 919 F.3d 1123, 1134 (9th Cir. 2019).

In this case, the reasonable belief statement of the application for cell tower data included a conclusory statement that Moreno-Vasquez was a liquid methamphetamine

trafficker who organized the shipment of liquid methamphetamine from Agua Prieta, Sonora, Mexico into the United States with a final destination of Atlanta, Georgia. The statement also tied Moreno-Vasquez to a specific phone number and a 2017 recreational vehicle (RV), which included a final destination for the RV and its travel history. The reasonable belief statement discussed the ongoing investigation and that the cell tower data could provide evidence of future smuggling routes and drop-off locations.

The magistrate judge stated:

> The government presented facts to support its conclusion that Moreno has traveled to Atlanta, Georgia. But the government did not present specific and articulable facts to support its conclusion that Moreno is a liquid methamphetamine trafficker. *See, e.g., United States v. Underwood*, 725 F.3d 1076, 1082-1086 (9th Cir. 2013) (Affidavit that contains two facts, that the defendant "delivered two wooden crates to Luong and Barrera in a Home Depot parking lot" and that Detective Davis observed "a baggie of a personal-use amount of marijuana" at the defendants home, is so lacking in indica of probable cause that the "good faith exception to the exclusionary rule is *per se* not met.") (emphasis in original)[.] The information provided by the government in the supporting affidavit was so lacking that official reliance on it was unreasonable. *See Elmore*, 917 F.3d at 1079 n.3, citing *Illinois v. Krull*, 480 U.S. 340 (1987)[.]

R&R (Doc. 115, p. 4). While the magistrate judge did not state the application required probable cause, the magistrate judge relied on a case discussing the sufficiency of an affidavit in support of probable cause. *See United States v. Underwood*, 725 F.3d 1076, (9th Cir. 2013). In that case, the court stated:

> Conclusions of the affiant unsupported by underlying facts cannot be used to establish probable cause. *See United States v. Cervantes*, 703 F.3d 1135, 1139–40 (9th Cir.2012) (affording little if any weight to detective's conclusory statement that, based on his training and experience, the box in defendant's possession came from a suspected narcotics stash house); *see also Spinelli v. United States*, 393 U.S. 410, 418, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Gates*, 462 U.S. at 241, 103 S.Ct. 2317. An affidavit must recite underlying facts so that the issuing judge can draw his or her own reasonable inferences and conclusions; it is these facts that form the central basis of the probable cause determination. *United States v. Ventresca*, 380 U.S. 102, 108–09, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Giordenello v. United States*, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) ("The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime.") (emphasis added); *United States v. Rubio*, 727 F.2d 786, 795 (9th Cir.1983) ("The magistrate must be provided with sufficient facts from which he may draw the inferences and form the conclusions necessary to a determination of probable cause.") (emphasis added); *United States v. Dubrofsky*, 581 F.2d 208, 212 (9th Cir.1978) ("A search warrant may not rest upon mere affirmance or belief without disclosure of supporting facts or circumstances.").

*Underwood*, 725 F.3d at 1081. It is not clear if the magistrate judge required a probable cause showing.

However, "[u]nder the SCA, the government needed to demonstrate only a reasonable belief that the data was relevant and material to an ongoing investigation." *Dorsey*, 781 F. App'x at 591, *citing* 18 U.S.C. § 2703(d). While this does not require a probable cause showing, it does require specific and articulable facts to show that there were reasonable grounds to believe that the information sought would be relevant and material to an ongoing criminal investigation. 18 U.S.C. §2703(d). "Supported by legislative history, courts have described this standard as an intermediate one – higher than that required for a subpoena, but lower than that of probable cause." *United States v. Alahmedalabdaloklah*, No. CR-12-01263-PHX-NVW, 2017 WL 2839645, at *6 (D. Ariz. July 3, 2017), *citing In re Applications of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)*, 206 F. Supp. 3d 454, 455-56 (D.D.C. 2016); *In re Application of the United States for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to the Gov't*, 620 F.3d 304, 313, 314 (3d Cir. 2010) (the intermediate standard for a § 2703(d) order does not require traditional probable cause determination). The D.C. district court has stated:

> Because of the intermediate evidentiary burden [the SCA] imposes on the government, an application seeking records pursuant to section 2703(d) is unlikely to be the first step in a criminal investigation. In [*United States v. Kennedy*, 81 F.Supp.2d 1103 (D.Kan.2000)], for example, the district court found insufficient a conclusory 2703(d) application comparable in detail to the applications the government submits here. *Kennedy*, 81 F.Supp.2d at 1109.[3] The government argued to the district court in Kennedy that "the information it had at the time [of the application] was minimal and the purpose of obtaining the order was to investigate the subscriber information completely." *Id*. In rejecting that argument, the court held that "the government should have articulated more specific facts" in its application "such as how the government obtained the information it did have at the time and how this information lead [sic] the agents to believe that the attainment of the subscriber information of this particular IP address would assist in the investigation." *Id*. at 1109–10. Here, the government's section 2703(d) applications suffer from the same deficiency. Accordingly, they will be denied.
>
> [3]The government's section 2703(d) application in Kennedy stated in pertinent part:
>
>> the Federal Bureau of Investigation is conducting a criminal investigation in connection with possible violation(s) of Tile 18, United States Code, Sections 2252 and 2252A; it is believed that the subject of the investigation used Road Runner's IP address 24.94.200.54 on July

- 4 -

> 2, 1999, at 11:48 p.m. in furtherance of the subject offenses; and that the information sought to be obtained is relevant to a legitimate law enforcement inquiry in that it is believed that this information will assist in the investigation relating to the aforementioned offenses.
>
> *Kennedy*, 81 F.Supp.2d at 1107.

*In re Applications*, 206 F. Supp. 3d at 457-8.

In this case, while the government articulated how the information might lead the agents to believe that the attainment of the subscriber information would assist in the investigation, the government did not articulate specific facts as to how the government obtained the information it did have or why it reached its conclusion that Moreno-Vasquez was a liquid methamphetamine trafficker who organized the shipment of liquid methamphetamine from Mexico to Georgia. While courts may find the good-faith exception to apply when an application is "thin," a showing of some connection between the information sought and criminal investigation is required. *See e.g. United States v. Wright*, 339 F. Supp. 3d 1057, 1062 (D. Nev. 2018) (thin factual summary showed the connection between defendant and the phone number known as co-defendant's before, during, and after a robbery). Here, the application fails to meet even that low bar. The Court agrees with the magistrate judge that "[t]he good-faith exception does not apply because the supporting affidavit was so lacking that is was unreasonable for the agents to rely on the order stemming from it." R&R (Doc. 115, p. 5).

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 115) is ADOPTED.
2. The Motion to Suppress (Doc. 55) is GRANTED.

DATED this 10th day of March, 2020.

_____
Cindy K. Jorgenson
United States District Judge